LIVINGSTON SPECIAL TERM, March, 1849.    *Welles*, Justice.

FINLEY and JONES, ex'rs, &c. *vs.* JONES.

Where two persons sue as executors, and fail in the action, one of them can not be charged with costs, on the ground that he was beneficially interested in the recovery, in right of his wife.

THIS action was brought by the plaintiffs as executors of Elizabeth Jones, deceased, to recover moneys alledged to be due to the testatrix in her lifetime.   The cause was commenced in 1844, and was tried at the Livingston circuit in October, 1845, and a verdict rendered for the defendant.   The plaintiffs made a case and moved for a new trial at the general term held in Allegany county, in May, 1848, which motion was denied, and the defendant perfected judgment on the verdict.   By the last will and testament of the testatrix, Elizabeth Jones, the wife of the plaintiff Finley was made the residuary legatee; and if this action had been successful, the amount recovered would have gone to the said plaintiff Finley, in right of his wife as such residuary legatee; and in that way the action was brought for the benefit of Finley.   The action was necessarily brought in the name of the executors, and no facts were shown which would entitle the defendant to costs as against the plaintiffs, under § 17 of 2 R. S. 615.   A motion was now made that the plaintiff Finley pay the defendant's costs, to be taxed, on the ground that he was beneficially interested in the recovery; under 2 *R. S.* 619, § 44.

*L. C. Peck & R. P. Wisner*, for the motion.

*James Woods, Jr.* opposed.

WELLES, J.   The statute (2 *R. S.* 615, § 16) gives costs to the successful defendant, against the plaintiff.   The next section declares that the last section shall not extend to give a defendant costs against executors or administrators, necessarily

Finley *v.* Jones.

prosecuting in the right of their testator or intestate; unless, upon special application, the court shall award costs against them for wantonly bringing any suit, or for unnecessarily suffering a nonsuit or non pros, or for bad faith in bringing or conducting the cause.

It is not contended that the plaintiffs are liable, under this section; but the defendant founds his application upon the 44th section above cited. That section is as follows: "Where any action shall be brought *in the name of another*, by an assignee of any right of action, or by any person beneficially interested in the recovery in such action, such assignee or person shall be liable for costs *in the same cases and to the same extent in which a plaintiff would be liable ;* and the payment of such costs may be enforced by attachment."

There can not be a judgment against Finley for these costs. The 17th section of the statute protects him, under the facts disclosed. They are not asked for against the other plaintiff; and it would present an incongruity upon the record to render judgment against one and not the other, unless something more appears, and could be stated upon the record, than can be done here. And unless the plaintiffs, as such, are liable, by which I mean, liable to have judgment perfected against them upon the record, the 47th section, above recited, cannot apply. Again; that section only applies to a case where one person brings an action in the name of another. There is nothing here to show that Finley had any more to do with bringing the action than his co-plaintiff. I am clearly of the opinion that the case is not within the letter of any statute; and that it is no more within the spirit or equity of the statute than if neither plaintiff had had any personal interest in the action, and the motion had been to compel some other general legatee, next of kin, or creditor, for whose benefit the suit was brought, to pay the costs; a proposition which could not be entertained a moment.

The motion is denied, with costs.